In the Matter of ABLE MEDICAL TRANSPORTATION, INC., Appellant, v DAVID M. AXELROD, as Commissioner of the New York State Department of Health, Respondent.—Judgment and determination unanimously modified on the law and as modified, judgment affirmed and determination confirmed without costs, in accordance with the following memorandum: Petitioner was charged with violation of Public Health Law § 3005 (1), (2) in that it allegedly transported certain patients who required emergency care in transit without possessing the required ambulance service certificate mandated by Public Health Law § 3005. At an administrative hearing held to review the charges, the Department narrowed the issues to two separate incidents involving two named patients. Thereafter, the Administrative Law Judge proposed to the Department the possibility of a stipulation whereby it would limit itself to a $2,000 maximum fine on the two charges if petitioner would admit to the facts. The attorney for respondent so stipulated and petitioner admitted to transporting the two named patients, in a vehicle other than an ambulance, but did not admit that this conduct violated the Public Health Law. After the conclusion of the hearing, the Administrative Law Judge held that petitioner was guilty of nine violations of the Public Health Law and assessed a penalty of $6,750 against petitioner. The Commissioner sustained the conclusions of the Administrative Law Judge and affirmed the penalty of $6,750.

This CPLR article 78 proceeding ensued seeking various forms of relief, after which Special Term entered an order and judgment which, among other things, found that petitioner

failed to establish that a stipulation was made during the course of the administrative proceeding by any person with legal authority to bind the respondent. We disagree.

On our reading of the record, it is clear that the Department's attorney agreed to the stipulation. After the Administrative Law Judge proposed the stipulation to the parties which would limit the proof required of the Department if the Department would limit itself to a $2,000 maximum fine, the Department's attorney asked for a moment to consider the matter, after which, on the record, the attorney stated, "the Department would be willing to so stipulate."

On appeal, respondent denies that such a bargain was made, but that, if such an agreement to limit damages was made, its attorney had no authority to agree to such a limitation on the penalty. This argument is untenable in view of the Department's own rules contained in 10 NYCRR 51.10 (a) which state: "At any time prior to issuance of the final order or determination, parties may enter into a stipulation for the resolution of any or all issues." Both parties received a benefit from the stipulation: the Department by not having to establish proof of petitioner's acts in transporting two patients allegedly in violation of the law and petitioner in having a cap placed on its potential civil penalty. This reliance should be honored and the penalty imposed on petitioner reduced to $2,000.

We have considered the other arguments raised by petitioner and find them to be without merit. (Appeal from judgment of Supreme Court, Onondaga County, Murphy, J., and art 78 proceeding transferred by said judgment.) Present —Doerr, J. P., Boomer, Green, Lawton and Davis, JJ.